M’Girk, C. J.,
delivered the opinion of the Court.
An action of debt was brought on a hail bond, taken by the Sheriff of the county of Saint Charles, of Emmons and Walker. The bond is taken to the State, with the usual condition for the appearance of one Garraty at the Circuit Court, to answer to a charge on an indictment for assault and battery. The pleas are, that the bond was taken by the Sheriff, &e. The pleas are demurred to, and the Court gave judgment for the defendants. The sole question presented for the consideration of the Court is, has the Sheriff the right and power to. admit to bail in criminal cases ? It is argued by the Attorney General, that this course is sanctioned by twenty years’ practice; the answer to. this is, that the course of twenty years’ practice, by the ignorance of Sheriffs, cannot make the law, nor is it evidence of what the law is. It is also contended by the Attorney General, that the contract is binding, having been given for a good and valuable consideration, and for a legal act j and that, it there is no statute forbidding the bond to be taken by the Sheriff, it is a lawful contract, and binding hy all the principles of the common law. To this argument we answer, that the State is not, in all respects, like an individual, in respect to her capacity to take rights. The State has no capacity to take a chose in action, unless it is given by express law. She has no natural rights, being an artificial being. She may make contracts, it is true, as incident to some other powers given her. When she contracts, she cannot contract in person, but of necessity must do it by agent, and no one can be her agent without express authority from her. If the State cannot of necessity contract without agent, it does not follow that any one can assume to be that agent at pleasure. The Sheriff has his duties prescribed by law ; his powers are defined by law; he cannot transcend them, and if he does his act is entirely void. Furthermore, if the law has never entrusted the Sheriff with power of admitting criminals to bail, it follows that no bail bond taken by him is of any avail; and if the prisoner goes at large on taking such bond, it is a voluntary escape for which the State has her remedy. It will not do to say, the State affirms the transaction by suing on the bond; this is the act of the officer only, but the consent of the State can only be evinced by a legislative act.
It is also insisted that the Sheriff at common law had the power to admit offenders to bail. It seems once to have been the opinion that the Sheriff had this power: 1 Sac. 349. But it seems by the same hook, that by the Statute of Í Eliz. 4, this power was taken away. This statute is in force here, and therefore the power does not now exist, if it ever did, at common law. Of this opinion was the Court of King’s Bench, in the case cited 4 T. Sep. 505, and also in the case reported 2 H. Bl. 418. The cause in Tidd’s Sep. shows clearly, the Sheriff has no power to take a *390 bail bond where the indictment was ' in the quarter session. Once he might, when he held courts, hail offenders by taking a recognizance; but that power does not now exist, for he is not now a judicial officer.
Let the judgment be affirmed, with costs.